IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAMELA ALONZO | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | CAUSE NO: 1:18-cv-00694 |
| | § | |
| HARDEN HOME HEALTH, LLC | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S AMENDED MOTION FOR COSTS

**TO THE HONORABLE COURT:**

Plaintiff, Pamala Alonzo was forced to arbitration by her former employer over her alleged violation of the non-compete she signed with them in 2012, subsequent to signing an arbitration agreement. The non-compete contained a forum selection clause providing that exclusive jurisdiction over the non-compete resided in the courts of Travis County, Texas. Because Ms. Alonzo is now getting divorced, allegedly resulting from the actions of HHH, she is a now a single mother raising three children as the sole means of their support. Ms. Alonzo cannot afford to duplicate the arbitration costs should she win at arbitration and HHH then refile over the jurisdictional issue. Therefore, Ms. Alonzo filed for a declaratory judgment and temporary restraining order in order to have the Travis County Court determine the jurisdictional issue. HHH then removed the proceedings to Federal Court and thereafter filed a Motion for Arbitration and to Stay the court proceedings pending arbitration. Plaintiff was required to file her Motion to Remand and response to the Motion to Stay. HHH then chose to respond to the Motion to Stay but

failed to file a response to the Motion to Remand requiring the case to be remanded as a matter of law. The removal resulted in delay and additional costs attributable to HHH.

Ms. Alonzo is entitled to her attorney's fees and costs because of the filings by HHH. As indicated by the attached affidavit of attorney Justin L. Williams, her fees resulting from these pleadings are approximately $20,000. Ms. Alonzo would also ask the court to consider the facts of the case in assessing costs and to assess fees and costs as sanctions for the wrongful removal of the case. It has all too often become the practice of counsel representing large corporations with a lot of resources, to file multiple pleadings that raise the cost on their opponents to prohibitive amounts. Were Ms. Alonzo not a party to a whistleblower suit in Federal Court in Tyler, in which she is being represented by her present counsel, she could not afford the defense that has been provided in this matter. Ms. Alonzo has alleged in response to the arbitration, that part of the reason she has been targeted in the arbitration proceedings was "because" she was a party to the whistleblower action. Prior to the conclusion of discovery in the arbitration as originally scheduled, HHH never indicated to Ms. Alonzo how she violated the non-compete or how they were damaged by her actions, but instead indicated they would provide that evidence at the arbitration. Now, Ms. Alonzo and her attorneys have spent almost $20,000 in defending a removal action and the affiliated filings where HHH entities who were either parties to the proceedings or to the contractual documents made the basis of the arbitration or non-compete who were Texas residents, were not made party to the removal-clearly indicating that HHH knew or should have known the removal was wrongful. In addition, HHH drafted the non-compete containing the forum clause requiring the determination of all issues involving the non-compete in the courts of Travis County. After requiring Ms. Alonzo to sign the non-compete, giving the employer the choice of the jurisdiction that would decide any disputes, HHH made the choice to require her to arbitrate a

dispute that was entirely based on the allegations in the non-compete. Both the domicile and/or the residence of parties to this dispute and the forum clause provide that the jurisdiction of the non-compete dispute is the courts of Travis County and removal was improper. Because removal was improper, Ms. Alonzo is entitled to her fees and costs and the court, may in its discretion, award costs and fees for the wrongful removal. Ms. Alonzo would suggest based on the circumstances of this case, that costs and fees of double that incurred in responding to the removal and Motions would be appropriate.

The removal statute, 28 U.S.C. § 1447(c), contains a fee-shifting provision which states, in pertinent part, that any "order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

This case was not reasonably removed. Defendant's motion for removal was frivolous and lacking in any colorable basis for the removal.  Defendant's meritless removal has hindered Plaintiff's ability to resolve this issue in state court. Defendant has wasted Plaintiff's time and resources fighting this improper removal. By dragging out the issue of removal, Defendant has delayed Plaintiff from obtaining a ruling over the subject matter jurisdiction of the Arbitrator. As such, Plaintiff has been forced to continue prepping her defense in the Arbitration matter, while simultaneously preparing for her rightful day in State Court. Defendant has abused the removal process and caused a severe disruption in the State Court Claim filed by Plaintiff. This disruption and delay has caused an intolerable waste of time, money, and other resources to Plaintiff. The litigation costs incurred by Plaintiff as a result of Defendant's wrongful removal were needless. As was the time and resources this Court has been forced to spend on this matter due to the wrongful removal. Plaintiff asked that it be reimbursed for costs, expenses and attorney's fees under 28 U.S.C. § 1447(c).

WHEREFORE, PREMISES CONSIDERED, after consideration of the pleadings on file, argument of counsel and the Motion for Costs being found to be well grounded it is HEREBY, ORDERED, AJUDGED and DECREED that costs and fees in the amount of _____, are to be paid to Pamala Alonzo and her counsel Williams Attorneys PLLC within fifteen (15) days of this order.

Respectfully submitted,

**WILLIAMS ATTORNEYS PLLC**
500 N. Water Street, Suite 500
Corpus Christi, TX 78411
Telephone: (361) 885-0184

By   */s/ Justin L. Williams*
JUSTIN L. WILLIAMS
State Bar No. 21555800
ATTORNEYS FOR PLAINTIFF
Correspondence email: Justin@williamstrial.com
Service email:service@williamstrial.com

## **CERTIFICATE OF CONSULTATION AND SERVICE**

  By my signature above, I certify that I have consulted with opposing counsel and a copy of the foregoing motion was served on all parties of records to this proceeding on the 18TH day of September 2018.

Robert Fischer
*fischera@jacksonlewis.com*
Daniel Cordova
*Daniel.cordova@jacksonlewis.com*
Jackson Lewis, PC
816 Congress Avenue, Suite 1350
Austin, TX 78701
512-362-7100 Phone
512-362-5574 Facsimile
*Attorneys for Claimant*


            */s/ Justin L. Williams*
            Justin L. Williams

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| PAMELA ALONZO | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | CAUSE NO: 1:18-cv-00694 |
| | § | |
| HARDEN HOME HEALTH, LLC | § | |
| | § | |
| Defendant | § | |

**ORDER**

BE IT REMEMBERED on this the _____ day of _____ 2018, there was presented to the Court the Motion for Costs and the Court, having reviewed the Motion, enters the following order:

IT IS ORDERED that the Motion for Costs is GRANTED and DECREED that costs and fees in the amount of _____, are to be paid to Pamala Alonzo and her counsel Williams Attorneys PLLC within fifteen (15) days of this order.

SIGNED this the _____ day of _____, 2018.

_____
**UNITED STATED DISTRICT JUDGE**